J. BRADLEY OAKES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Oakes v. Commissioner
Docket Nos. 33934-86; 29039-87.
United States Tax Court
T.C. Memo 1989-125; 1989 Tax Ct. Memo LEXIS 125; 56 T.C.M. (CCH) 1541; T.C.M. (RIA) 89125; March 27, 1989. J. Bradley Oakes, pro se. Steve Foster, for the respondent. JACOBS
MEMORANDUM FINDINGS OF FACT AND OPINION JACOBS, Judge: Respondent determined deficiencies in petitioner's Federal income tax and additions to tax as follows: Additions to Tax Under Section
Year
Deficiency
6651(a)(1) [1]
6653(a)
6653(a)(1)
6653(a)(2)
6654
1979
$ 2,209.00
$   501.25
$ 110.45
$    -- --
$  81.60
1980
4,558.00
1,040.75
227.90
-- --
258.94
1981
4,553.00
1,088.25
--
227.65 *
329.99
1982
5,266.00
1,155.50
--
263.30 *
434.24
1983
1,735.00
323.25
--
86.75 *
72.39
*127 Respondent also determined an addition to tax pursuant to section 6661 with respect to petitioner's 1982 taxable year and seeks an award of damages pursuant to section 6673. The issues for decision are: (1) whether the statute of limitations bars the assessment and collection of the deficiencies in tax and additions to tax for years 1979 through 1982; (2) whether petitioner received, but failed to report, income as determined by respondent throughout the years in issue; (3) whether petitioner is liable for additions to tax pursuant to section 6651(a)(1) for failure to file income tax returns; (4) whether petitioner is liable for additions to tax pursuant to section 6653(a) for negligence; (5) whether petitioner is liable for additions to tax pursuant to section 6654(a) for failure to make estimated tax payments; (6) whether petitioner is liable for the addition to tax pursuant to section 6661(a) for substantial *128 understatement of income tax for 1982; and (7) whether damages should be awarded to the United States pursuant to section 6673. FINDINGS OF FACT Petitioner refused to sign a stipulation of facts; thus, the evidence consists of testimony, exhibits introduced at trial and uncontested pleadings. Petitioner resided in Fremont, California at the time the petitions in these consolidated cases were filed. He graduated from high school, attended college and is a year or two from completing requirements for an undergraduate degree. During the five years in issue,he received the following amounts of income, and had the following amounts of taxes withheld: Tax
Year
Wages
Interest
Other
Total
Withholding
1979
$ 14,464
$ 11
--
$ 14,475
$   204
1980
22,122
27
--
22,149
395
1981
22,242
46
--
22,288
200
1982
25,754
23
--
25,777
644
1983
12,928
--
$ 1,325
14,253
1,144
Petitioner alleges he filed tax returns for each of the five years in issue; however, he claims his copies of such returns and supporting documents have been either lost or destroyed. *129 Respondent claims he has no record of petitioner's filing Form 1040s for 1979, 1980 or 1981. Petitioner disputes this claim, alleging that respondent's computer records, known as a MFTRA transcript, indicate otherwise. In this regard, he called as a witness Wayne Bentson, a member of the American Society of Access Professions, who claims to have expertise in obtaining documents from the Internal Revenue Service under the Freedom of Information Act and deciphering them. The MFTRA transcript revealed that no income was reported and that there were no income tax withholdings. Respondent's witness, the custodian of records for respondent's Fresno Service Center, testified that whatever information appeared on the MFTRA transcript was generated from substitute returns which had been prepared by respondent because original returns from petitioner had not been received. Introduced into evidence were Form 1040s for 1982 and 1983 which petitioner sent to respondent's Fresno Service Center and on which the word "object" was inserted in the spaces provided for petitioner's social security number, occupation and income information. Attached to these forms were pages of protestor-type *130 text. ULTIMATE FINDINGS OF FACT Petitioner did not file tax returns for 1979, 1980 and 1981. The Form 1040s submitted for 1982 and 1983 did not constitute tax returns. OPINION In order to decide whether the statute of limitations bars the assessment and collection of the tax deficiencies and additions involved herein, we must decide whether petitioner filed tax returns for 1979, 1980 and 1981 and whether the Form 1040s for 1982 and 1983 submitted by petitioner constitute valid tax returns. Our ultimate findings of fact answer this inquiry. For statute of limitations purposes, a document which purports to be a return must contain, inter alia, sufficient data to calculate tax liability. , affd. per curiam . A document containing only entries of "object," such as that submitted by petitioner for 1982 and 1983 is not a valid return. . The testimony of Mr. Bentson was, to an extent, misleading and was not persuasive. Mr. Bentson knew, or should have known, that the information appearing on the MFTRA transcript *131 was not generated from documents accepted by respondent's Fresno Service Center as returns filed by petitioner, but rather such information was generated from substitute returns which had been prepared by respondent. As a general rule, taxes must be assessed within three years after the last day prescribed by law for the filing of a return on which the tax is reported or, if later, within three years after a return is filed. Sections 6501(a), 6501(b)(1). Where no return is filed, the tax may be assessed at any time. Section 6501(c)(3); . Because petitioner did not file valid returns for the years in issue, the statute of limitations does not bar the assessment and collection of any of the determined deficiencies in tax or additions thereto. The next issue to be decided is whether petitioner received taxable income, in amounts determined by respondent. We conclude he did, and thus we sustain respondent's determination. Sections 61(a)(1), 61(a)(4). Respondent claims an addition to tax under section 6651(a)(1), for petitioner's failure to timely file returns. Petitioner bears the burden of disproving respondent's *132 determination of this addition. . Petitioner was required to file returns for each of the years in issue. Section 6012. He failed to do so and presented no reasonable explanation for his failure. Therefore, respondent's determination of the section 6651(a)(1) addition to tax is sustained. We next decide whether petitioner is liable for the negligence addition to tax provided under section 6653(a). Under section 6653(a), "negligence is the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances." . Petitioner presented no evidence to rebut respondent's determination that the entire underpayment was attributable to negligence. Accordingly, we sustain respondent's determination. Respondent also determined additions to tax under section 6654 for underpayments of estimated tax. Where prepayments of tax, either through withholding or by making estimated tax payments quarterly during the course of the year, do not equal the percentage of total liability required under the statute, imposition *133 of the section 6654 addition to tax is mandatory, unless the taxpayer shows that one of several statutory exceptions applies. Section 6654; . Although certain amounts were withheld from petitioner's wages, petitioner introduced no evidence on this issue; accordingly, we sustain the additions to tax under section 6654(a). . Respondent determined that a substantial understatement of income tax for 1982 existed. In his notice of deficiency, respondent determined a section 6661 addition to tax equal to 10 percent of the underpayment. He asserted an increased section 6661 addition to tax, in the amount of 20 percent of the underpayment, in both his trial memorandum and brief. The correct rate of the addition is 25 percent. See . Respondent never amended his pleadings to assert the correct 25 percent rate. Ordinarily, we will not entertain an issue that has not been pleaded properly and, absent a clear and timely claim by respondent for an increased deficiency, we will not enter a decision *134 in an amount greater than was determined in the notice of deficiency. ; , affd. . Thus, we will apply the addition, if determined to be applicable, at the rate set forth in the notice of deficiency. An understatement is substantial if it exceeds the greater of $ 5,000 or 10 percent of the amount required to be shown on the return. Section 6661(b)(1)(A). Here the understatement of tax for 1982 exceeds the threshold amounts; hence, a "substantial understatement" of tax exists. Section 6661(b)(2)(B) provides for a reduction in the amount of the understatement of tax attributable to (a) the tax treatment of any item by the taxpayer if there is or was substantial authority for such treatment or (b) any item with respect to which the relevant facts affecting the item's tax treatment is adequately disclosed in the return or in a statement attached to the return. Here, petitioner did not have substantial authority for failing to report his tax liability and he did not file a return. Accordingly, petitioner *135 is liable for the section 6661 addition to tax to the extent of 10 percent of the underpayment. In determining the amount of the underpayment, such amount is to be reduced by the amount of taxes withheld from petitioner's wages. . Respondent seeks damages pursuant to section 6673. Section 6673 provides: Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay, that the taxpayer's position in such proceeding is frivolous or groundless, or that the taxpayer unreasonably failed to pursue available administrative remedies, damages in an amount not in excess of $ 5,000 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as part of the tax. Petitioner's position in these proceedings is frivolous and groundless. He failed to cooperate with respondent in stipulating to facts, as ordered by the Court. His pursuit of his groundless claim resulted in an unnecessary expenditure of *136 this Court's time and resources. We therefore award damages to the United States under section 6673 in the amount of $ 2,500 with respect to each of the two docketed cases, or $ 5,000 in the aggregate. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice & Procedure. * 50 percent of the interest due on the underpayment caused by negligence.↩